LAWRENCE G. CAMPBELL
Plaintiff,

Civil Action No.:

v.

**COMPLAINT**

Eric L. Adams, Mayor,
Edward A. Caban, New York City
Police Commissioner,

**JURY TRIAL DEMANDED**

New York City Police Department,
Detective Nandpaul Persaud, Shield #5930
Police Officer Stephen Rice, Shield# 2527
Police Officer Angel Arroyo, Shield #25875
Police Office Reinhold Moeslinger #2384
Defendants



## NATURE OF THE COMPLAINT

1.      This action is for declaratory judgment, permanent injunctive relief, damages, costs, and

attorneys fees, alleging deprivation of rights by a state or local official in violation of 42

U.S.C. § 1983, 4ᵗʰ amendment of the U.S Constitution, Equal Protection clause of the U.S.

Constitution, 21 U.S.C§ 802(16)(B)(i), and 18 U.S.§ 1951.

2.      On December 20,2018, congress enacted the 2018 Farm Bill, Pub. L. No. 115-334.

3.      The newly enacted law decriminalized Hemp and allowed for the production and sale of

Hemp within the United States of America.

4.      On December 16,2021, Plaintiff filed Articles of Organization for his Canabinoid hemp

retail business "Bugzy's Bud spot LLC". (See Exhibit 1)

5.      In May of 2022, Plaintiff , received his Canabinoid Hemp Retail license from the New

York State Office of Cannabis Management and began to sell canabinoid Hemp and other

Hemp related products.( See Exhibit 2)

6.  On August 20, 2022, at Linden Boulevard and 165th in Jamaica Queens, without a warrant ,police officers from the 113th precinct entered plaintiffs business , a parked bus with the company name on a banner attached to the bus, confiscated undisclosed amounts of hemp, arrested newly hired employee alleging he was unlawfully selling marijuana and confiscated the bus. (See Exhibit# 3)

7.  Shortly after this incident, Plaintiff filed a Notice of Claim with the City of New York informing the City of Plaintiffs intent to pursue litigation against the City and the Officers for unlawfully searching plaintiffs New York State Licensed Hemp retail business; the unlawful seizure of hemp products; the unlawful confiscation of Plaintiff's company vehicle, and the unlawful arrest of plaintiff's employee for Marijuana possession when both federal and state law say hemp is not marijuana. (See Exhibit #4)

8.  On July 28, 2023, did serve an alleged "No Knock search Warrant" at plaintiff's retail business. (See Exhibit #5)

9.  Officers immediately placed plaintiff in handcuffs and placed plaintiff under arrest without giving plaintiff a copy of the warrant or stating why plaintiff was being taken into custody.

10. At the Precinct plaintiff was informed that he had been arrested for selling Marijuana. (See Exhibit #5)

11. Clearly displayed in plaintiffs' business was his company's Cannabinoid hemp retail license and Certificate of Authority to collect sales tax in the name of Plaintiffs business. (See Exhibit #6 &7)

12. At the time of the occurrence, plaintiff had an Individual and business, Cannabinoid Hemp Retail license, which were both listed on the New York State Cannabinoid Hemp Retailers Registry. (See Exhibit#8)

13. Defendants Detective Persaud, Police Officer Arroyo, Officer Rice, Police Officer Moeslinger did disregard the documentation and accused plaintiff of selling marijuana.

14. Fully aware that neither of the defendants had the ability to visually determine THC level of hemp, Defendant Stephen Rice did sign a statement stating that he personally saw plaintiff committed the offense of criminal possession of cannabis in the first degree a felony, along with other alleged cannabis related crimes. (See Exhibit#5)

15. Officer Stephen knew it was impossible to detect THC level without a lab report.

16. The other defendants present also knew that there was no way to determine the THC level of the hemp they alleged to be marijuana, but they all stayed quiet and allowed plaintiff to processed for crimes they had no probable cause to believe plaintiff had actually committed.

17. Defendants Adams and City of New York, legal counsel, John Schemitsch, has already conceded in other matters before the Honorable Cheryl L Pollack that the NYPD was arresting licensed and unlicensed hemp retailers, as well as seizing hemp. (See Exhibit#9)

18. The City's request that the city not be enjoined from arresting license hemp retailers demonstrate that they are aware that they are arresting "licensed hemp retailers" and "seizing hemp". (See Exhibit #9)

19. Because the defendants are aware that the individuals that have been arrested are in fact selling hemp and are licensed by the State of New York demonstrates that the defendants Adams and City Of New York were aware that officers are charging innocent people with crimes that they know the individuals are not committing since the license and unlicensed sale and possession of hemp is not a crime under federal or state law.

20. Furthermore it demonstrates that the arresting of licensed and unlicensed hemp retailers and seizing of hemp is a custom, practice, or policy that the municipality if fully aware of and wished to continue although there was no legal authority to do so.

## JURISDICTION AND VENUE

21. Jurisdiction is through 42 U.S.C. § 1983. The Court also has supplemental jurisdiction under 28 U.S.C. §1367(a) over the state law claims of Slander, Libel, False Imprisonment, malicious Prosecution, Trespass to Chattel, Negligence, Negligent Infliction of Emotion Distress, Intentional Infliction of Emotional Distress.

## PARTIES

22. Plaintiff, Lawrence Campbell resides at 112-02 168th Street Jamaica NY 11433.

23. Defendant, Mayor Eric L. Adams is the Chief Executive Officer of the City of New York. He resides at 100 Church Street New York, NY10007

24. Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

25. At all times hereinafter mentioned THE NEW YORK CITY POLICE DEPARTMENT (Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of THE CITY.

26. Upon information and belief, NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

27. Defendant THE CITY is responsible for the policies, practices and customs of NYPD.

28. Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

29. Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

30. Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

31. NYPD is responsible for the policies, practices and customs of NYPD.

32. NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

33. NYPD is and was the employer of the personnel named herein as individual defendants.

34. NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

35. THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy-making officials represent also the policies, practices and customs of THE CITY.

36. Defendant, Police Commissioner Edward A. Caban, is the Chief Executive of the New York City Police Department, the head quarters of the NYPD is located at 1 Police Plaza, 1 Police Path, New York, NY 10038.

37. Defendant, Detective Nandpaul Persaud Shield #5930, is an employee of the New York City Police Department. During the time when occurrence took place, he was working at Narcotics Borough Queens South,71-01 Parsons Boulevard Fresh Meadows, NY 11365.

38. Defendant, Police Officer Stephen Rice #2527, is an employee of the New York City Police Department. During the time when occurrence took place, he was working at Narcotics Borough Queens South,71-01 Parsons Boulevard Fresh Meadows, NY 11365.

39. Defendant, Police Officer Angel Arroyo Shield #25875, is an employee of the New York City Police Department. During the time when occurrence took place, he was working at Narcotics Borough Queens South,71-01 Parsons Boulevard Fresh Meadows, NY 11365.

40. Defendant, Police Officer Reinhold Moeslinger #2384, is an employee of the New York at Narcotics Borough Queens South,71-01 Parsons Boulevard Fresh Meadows, NY 11365.

41.THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

42.THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

43. Defendants Caban Persaud, Monslinger, Rice, Arroyo are and were employed by the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

44. The defendant officers were at all times relevant to this complaint duly appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

45. At all times relevant hereto and in all of their actions described herein, each

defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

46. Plaintiff in furtherance of his causes of action brought under New York State law filed a timely Notice of Claim against the City of New York in compliance with the Municipal Law Section 50 and in accordance with New York State law.

47. Per New York State law and General Municipal Law Section 50, Plaintiff testified at a hearing held pursuant to General Municipal Law Section 50-H on December 22, 2022.

48. More than thirty (30) days have elapsed since the service of said Notice of Claim was filed and the City of New York has failed to pay or adjust the claims.

49. This action falls within one or more of the exceptions as outlined in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

## FACTUAL BACKGROUND

### 2018 Decriminalization of Hemp

50. The 2018 Farm Bill, Pub. L. No. 115-334., not only renewed previously codified agricultural laws, but it also changed how the country would deal with cannabis, specifically Hemp moving forward.

51. Following the passage the 2018 Farm Bill, 21 U.S.C §802 (16)(B)(i) states " the terms marihuana and marijuana does not include hemp as defined in section 1639o of title 7". Id

52. 7 U.S.C § 1693o (1) states "hemp means the plant Cannabis Sativa L. and any part of that plant including seeds thereof and all derivatives, extracts, cannabinoids … with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis". Id.

53. According to 21 U.S.C. § 812 (c)(c) (17) , tetrahydrocannabinol is a Schedule one drug except for "tetrahydrocannabinol in hemp (as defined in section 1639o of title 7)". Id.   54. It is undeniable that as a matter of federal law Hemp is cannabis but is not marijuana nor is it a controlled substance.

### NYPD Arrest and Civil Rights Violation(s)

55. On May 17, 2022, the NYS Office of Cannabis Management issued plaintiff his Canabinoid Hemp Retail License. (See exhibit)

56. On August 20, 2022, Police officers from the 113th precinct, without a warrant, unlawfully searched Plaintiffs Cannabinoid hemp Retail Business Bugzys Budspot LLC  (See Exhibit#3)

57. Although officers were provided with a valid Hemp retail license from the NYS Office of Cannabis Management, officers still arrested plaintiff's employee and wrote two citations for unlicensed Vendor and Cannabis (Marijuana) possession.  (See Exhibits 10a & 10b )

58. On August 2022, Plaintiff filed Notice of Claim with the City for a civil rights violation, specifically for unlawful arrest because neither hemp or hemp flower is considered a controlled substance under federal or state law. (See Exhibit #4)

59. On July 28th, 2023, Defendant officer Rice did apply for a warrant "stating undercover asked for "edible gummies" and "bud". At no point in said affidavit does officer Rice ever state that undercover officer asked for any Marijuana products, nor does it say that Plaintiff ever said he sold Marijuana products. (See Exhibit#11)

60. Officer Rice omitted the fact that there was a sign tapped to the side of the "subject location" which clearly states 'Bugzy's Budspot LLC NYS Licensed' (See Exhibit#12). Officer Rice states he performed a license check and the subject location this is not a licensed dispensary.

61. Officer Rice omitted the fact that plaintiff and his business " Bugzy's Budspot LLC is on the NYS Cannabinoid hemp retailers registry (https://cannabis.ny.gov/system/files/documents/2023/06/cannabinoid-hemp-retail-license-holders.pdf ) (See Exhibit# 8a & 8b )

63. Defendants, Arroyo, Rice, Persaud, Moeslinger did storm plaintiffs Cannabinoid Hemp retail business and immediately placed plaintiff in handcuffs.

64. Defendants did not give plaintiffs the alleged warrant until he was at the precinct.

65. At the precinct defendants informed plaintiff that he was being arrested for Criminal sale and possession of marijuana.

66. Plaintiff informed defendants that he was in fact licensed and selling hemp.

67. Plaintiff informed defendants that his license to sell hemp was clearly visible inside of his business location. (See Exhibit #6)

68. Additionally, plaintiff informed that the sign outside of the business clearly stated that the bus was "NYS License". (See Exhibit#12)

69. N.Y. Cannabis Law § 90 (9) states: "Cannabinoid hemp flower" means the flower of the plant Cannabis sativa L. that has been harvested, dried, and cured, with a delta-9 tetrahydrocannabinol concentration of not more than three-tenths of one percent, on a dry weight basis, prior to any processing

70. N.Y. Cannabis Law § 90 (10) states "Cannabinoid hemp flower product" means cannabinoid hemp flower that has been minimally processed consistent with the requirements of this article, intended for retail sale to consumers.

71. Defendants had no probable cause to believe that plaintiff was selling hemp above the legal limit

72. N.Y Cannabis Law§90(9) clearly state "prior to and processing" and section 10 says hemp flower products have "been minimally processed" Id.

73. Defendants entered plaintiffs' business with sole intention of detaining plaintiff and did in fact detain plaintiff because since all hemp has been processed minimally there was no way for the officers to determine the preprocess THC level of the hemp flower and therefore there was no probable cause to lawfully detain plaintiff.

74. The plaintiff was aware that he was being detained unlawfully.

75. The plaintiff did not agree with being detain and asked to be released on numerous occasions.

76. Plaintiffs detention was not legally justified because defendants could not detect the THC level of the hemp and therefore did not have probable cause to conclude that it was higher than allowed under federal and state law.

77. On July 29 2023, Officer Stephen Rice did speak with an employee of the Queens District Attorney's office in regards to arresting plaintiff and later signed a criminal complaint that contained written factual and defamatory statements relating to the arrest.

78. In the statement Officer Rice accuses plaintiff of Criminal Possession Of Marijuana in the first degree, along with other felony and misdemeanor charges. (See Exhibit#5)

79. Officer Rice made this statement knowing that Plaintiff was a licensed hemp retailer and there was no lab report to prove or any reason to believe that any product in plaintiffs business was over the legal limit.

80. Plaintiff did not give Officer Rice privilege or authorization to make the defamatory statements.

81. plaintiff suffered an injury due to these statements in the form of being charges with very serious crimes.

82. Due to the fact that officers had no probable cause to believe that the hemp flower being sold by plaintiff was over the legal limit, there was also no probable cause to arrest plaintiff.

83. The City and NYPD were given notice of plaintiff's status as a state licensed hemp retailer when it was served with the notice of intent claim in August of 2022. (See Exhibit #4)

84. The request for a warrant and the ultimate arrest of the plaintiff was brought not to pursue justice for an alleged offense but to harass and other wise harm plaintiff.

85. This fact is evident because similarly to the precious instance in which officers' came to plaintiffs business without a warrant, officers in the case at bar made the same allegations and also failed to provide a lab report that established the hemps THC was over the limit or ask for a lab report.

86. The charges against plaintiff were all dismissed. (See Exhibit #13)

87. Defendant Rice is the officer that initiated the prosecution against plaintiff.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (42 U.S.C. § 1983)

### As to All Defendants

88. Paragraphs 1 through 88 are realleged and incorporated herein by reference.

89. Defendants Persaud, Rice, Arroyo, and Moeslinger, under the color of law, deprived plaintiff of 4th Amendment rights of protection from unwarranted searches and seizures when they entered plaintiffs legal business without a warrant, arresting plaintiffs employee, took

company product without providing a voucher, driving company vehicle without permission of the owner and never returned stolen property.

90. Defendant Mayor Eric Adams and the Defendant Police Commissioner did encourage police officers to confiscate, and arrest alleged unlawful sellers of cannabis without distinguishing that not all cannabis was a controlled substance which means not all cannabis is subject to confiscation or detention due to possession.

91. The actions of Defendants Persaud, Rice, Arroyo and Moeslinger that under the color of law was deprivation the right of protection against unlawful searches and seizures. Defendants Mayor Eric L. Adams and Police Commissioner Edward A. Caban openly supported the confiscation cannabis and detention of individuals selling cannabis fully aware that not all cannabis was unlawful to possess and that there is no criminal penalty so selling Hemp without a license. The actions of all defendants are a violation under 42 U.S.C.§ 1983.

## SECOND CAUSE OF ACTION

### Unlawful Search In Violation of Fourth and Fourteenth Amendment of the United States Constitution

92. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

93. The illegal approach, pursuit, stop and grab employed by the defendants herein terminated Plaintiff's freedom of movement of his personal property namely his vehicle through means intentionally applied.

94. The conduct of the defendants in approaching, stopping, and grabbing Plaintiff Employee and thereby obtaining dominion and control over Plaintiff's property was performed under the

color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

95. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the United States Constitution as wells as the laws of the State of New York.

96. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

97.The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

## THIRD CAUSE OF ACTION

### Unlawful Seizure and Deprivation of Property in Violation of Fourth and Fourteenth Amendment of the United States Constitution.

98. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

99. The individually named police officer defendants, while acting in concert and within the scope of their authority, caused Plaintiff's property to be seized, unlawfully searched, and detained without reasonable suspicion and/or probable cause, in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

100. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## FOURTH CAUSE OF ACTION

**Violation of Article I, § 12 of the New York State Constitution**

101. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

102. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

i. freedom from unreasonable search and seizure of his property;

ii. freedom from deprivation of property without due process of law.

103. As a direct and proximate result of the defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical, economic, and emotional injuries, as well as a deprivation of his property.

104. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of his property.

105. As a result of the above unconstitutional conduct, the City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of respondeat superior.

## FIFTH CAUSE OF ACTION
## False Imprisonment

106. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

107. the defendants intended to detain plaintiff.

108. the plaintiff was detained by defendants.

109. the plaintiff was aware of his detention by defendants

110. the plaintiff did not agree to be detained.

111.and the detention was not legally justified.

## SIXTH CAUSE OF ACTION
### Defamation (Libel Per Se)

112. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

113. defendant Police officer Stephen Rice did make a false written statements regarding the Plaintiff unlawfully selling cannabis in his application for a warrant.

114. The statementw made by Officer Rice were published without the privilege or authorization of the plaintiff.

115. The injury resulted in a plaintiff being arrested and charged with felonies and other charges.

## SEVENTH CAUSE OF ACTION

### Defamation (Libel Per Se)

116. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

117. defendant Police officer Stephen Rice did make a false written statements regarding the Plaintiff unlawfully selling cannabis in a criminal complaint in which he signed under the penalty of perjury.

118. The statement made by Officer Rice were published without the privilege or authorization of the plaintiff.

119. The injury resulted in a plaintiff being arrested and charged with felonies and other charges.

## EIGHT CAUSE OF ACTION

### Malicious Prosecution

120. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

121. Defendants did bring prosecution against plaintiff without probable cause.

122. The prosecution of plaintiffs was not justice for an alleged crime but was brought by initiated by the defendants to harass, or embarrass plaintiff because defendants knew plaintiff was selling hemp.

123. plaintiffs case ended in dismissal of all charges.

124. Defendant Stephen Rice is the Officer that initiated the prosecution against defendant.

## NINTH CAUSE OF ACTION

### Common Law Negligence

125. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

126. Defendants owed a duty of care to Plaintiff.

127. To the extent defendants claim that the injuries to Plaintiff by the defendant police officers were unintentionally caused and that the force used by the defendants against him was unintentional, then the defendants breached that duty of care by, among other things, seizing his person and property.

128. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York.

129. All of the foregoing occurred without any fault or provocation by Plaintiff.

130. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

131. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

132. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## TENTH CAUSE OF ACTION

### Common Law Trespass to Personal Property

133.    Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

134. The acts and conduct of the defendants constitute the depravation of Plaintiff's possession of his vehicle, In addition, Plaintiff did not consent to the removal and relocation of his vehicle by the defendants.

135. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York and the United States Constitution and the common law.

136. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

137. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

138. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to loss of liberty, and emotional and psychological injuries.

## ELEVENTH CAUSE OF ACTION

### Common Law Trover

139. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

140. The defendants, amongst other things, seized the Plaintiff's person and property and removed it from where business was lawfully parked, and relocated plaintiffs property to the 1o6th Precinct and tool plaintiff to Central bookings without the Plaintiff's authorization thereby excluding the Plaintiff from such in violation of the State of New York, he United States Constitution and the common law.

141. Defendants were at all times agents, servants, and employees acting within the scope of his employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## TWELFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

142. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

143. By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff.

144. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed to Plaintiff by the laws and Constitution of the State of New York.

145. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York.

146. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

147. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

148. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## THIRTHENNTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training, and Supervision

149. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

150. The City of New York and its employees, servants, and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

151. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## FOURTEENTH CAUSE OF ACTION

### Failure to Intervene

152. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if more fully set forth at length herein.

153. The defendants that did not physically touch Plaintiff, or his property but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to

intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

154. Defendants failed to intervene to prevent the unlawful conduct described herein.

155. As a result of the foregoing, Plaintiff suffered serious, debilitating, and permanent injury, his control over his personal property was restricted for an extended period, he was put in fear for his safety, and he was humiliated.

156. As a direct and proximate result of such acts, the defendants deprived Plaintiff of his rights under the laws of the State of New York.

157. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

158. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

159. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## FIFTEENTH CAUSE OF ACTION

### Individual Defendant Officer's Violation of Plaintiff's AC 8-802 Rights

160. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

161. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

162. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person,

house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

163. The Defendant Officers, while in uniform, unlawfully seized Plaintiff's personal property for approximately three (3) hours in total.

164. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

**SIXTEENTH CAUSE OF ACTION**

**Individual Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights**

165. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

166. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

167. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

168. The defendants that did not physically touch Plaintiff but were present when other officer's violated Plaintiff's AC 8-802 right against unreasonable search and seizure had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

169. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failing in their duty to intervene to protect Plaintiff from violation of his rights.

170. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

## SEVENTEENTH CAUSE OF ACTION

**City-Employer's Liability for Defendant Officer's Violation of Plaintiff's AC 8-802 Rights**

171. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

172. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

173. The City of New York, as the employer of the covered individual Defendant Officers, is liable to Plaintiff for the wrongdoing of the covered individual Defendant Officers.

174. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

175. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

176. The Defendant Officers, while in uniform, unlawfully seized, and searched the Plaintiff's vehicle, before detaining Plaintiff and property and further causing his detention for approximately twenty four or more in total.

177. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

## EIGHTEENTH CAUSE OF ACTION

### City-Employer's Liability for Defendant Officer's Failure to Intervene in Violation of Plaintiff's AC 8-802 Rights

178. Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

179. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

180. The City of New York, as the employer of the covered individual Defendant Officers, is liable to Plaintiff for the wrongdoing of the covered individual Defendant Officers.

181. The acts of Defendant Officers constituted conduct under the color of any law, ordinance, rule, regulation, custom, or usage.

182. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures.

183. The Defendants that did not physically touch Plaintiff's Personal Property but were present when other officers violated Plaintiff's AC 8 – 802 rights against unreasonable search and seizure had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

184. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failing in their duty to intervene to protect Plaintiff from violation of his rights.

185. Because of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

*Wherefore, the plaintiff requests that this Court:*

a. Award compensatory damages to the plaintiff against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than Five Hundred million dollars ($500,000,000.00)

b. Award the costs of this action to the plaintiff.

c. Award reasonable attorneys fees to the plaintiff under 42 U.S.C. Section 1983 and/or any other applicable laws.

d. Award punitive damages in an amount to be determined by a jury after due trial. Not less than Five Hundred Million dollars ($500,000,000.00)

e. Award such other and further relief as this Court may deem appropriate.

Dated: Jamaica, New York
July 29, 2024

LAWRENCE G. CAMPBELL
Pro Se Litigant
112-02 168th Street
Jamaica, NY 1433
(347) 883-0627

**EXHIBIT #1**

# NEW YORK STATE DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS, STATE RECORDS AND UNIFORM COMMERCIAL CODE
# FILING RECEIPT

| | |
|---|---|
| **ENTITY NAME :** | BUGZY'S BUDSPOT LLC |
| **DOCUMENT TYPE :** | ARTICLES OF ORGANIZATION |
| **ENTITY TYPE :** | DOMESTIC LIMITED LIABILITY COMPANY |



| | |
|---|---|
| **DOS ID :** | 6351828 |
| **FILE DATE :** | 12/16/2021 |
| **FILE NUMBER :** | 211217001208 |
| **TRANSACTION NUMBER :** | 202112160002496-454915 |
| **EXISTENCE DATE :** | 12/16/2021 |
| **DURATION/DISSOLUTION :** | PERPETUAL |
| **COUNTY :** | QUEENS |

| | |
|---|---|
| **SERVICE OF PROCESS ADDRESS :** | THE LLC<br>107-20 142 STREET,<br>JAMAICA, NY, 11435, USA |
| **FILER :** | LAWRENCE G. CAMPBELL<br>LAW OFFICE OF LAWRENCE G. CAMPBELL PLLC, 107-20 142 ST<br>JAMAICA, NY, 11435, USA |

*You may verfiy this document online at :* http://ecorp.dos.ny.gov
**AUTHENTICATION NUMBER :** 100000790765

| | | | |
|---|---|---|---|
| TOTAL FEES: | $225.00 | TOTAL PAYMENTS RECEIVED: | $225.00 |
| FILING FEE: | $200.00 | CASH: | $0.00 |
| CERTIFICATE OF STATUS: | $0.00 | CHECK/MONEY ORDER: | $0.00 |
| CERTIFIED COPY: | $0.00 | CREDIT CARD: | $225.00 |
| COPY REQUEST: | $0.00 | DRAWDOWN ACCOUNT: | $0.00 |
| EXPEDITED HANDLING: | $25.00 | REFUND DUE: | $0.00 |

**EXHIBIT #2**

# Certificate of Licensure
## New York State Cannabinoid Hemp Program



**NEW YORK STATE** | **Office of Cannabis Management**

Business or Legal Entity Name: **Lawrence G Campbell**

Contact: **Lawrence Campbell**

Address: **107-20 142 Street**

**Jamaca**          **NY**          **11435**
CITY                 STATE          ZIP

License Type : **Cannabinoid Hemp Retail License**

Date of Issuance: **17-May-2022**          Date of Expiration: **17-May-2023**

The Cannabinoid Hemp License or Permit holder must comply with all applicable state and local laws and regulations. This includes, but is not limited to Article 5 of the Cannabis Law and its implementing regulations. A Cannabinoid Hemp License or Permit holder's failure to comply with these laws and regulations may result in revocation of the license or permit, and the imposition of civil penalties as provided for in Cannabis Law Article 2, Article 5, and Article 6, as applicable.

License or Permit Number: **OCM-HMPR-22-01663-001**

**EXHIBIT #3**



**EXHIBIT #4a**

# EXHIBIT #4b

Office of the New York City Comptroller
1 Centre Street
New York, NY  10007

New York City Comptroller
Brad Lander

Form Version:    NYC-COMPT-BLA-PI1-E

# Personal Injury Claim Form

Electronically filed claims must be filed within 90 days of the occurrence using the Office of the NYC Comptroller's website. If the claim is not resolved within one (1) year and 90 days of the occurrence, you must start a separate legal action in a court of law before the expiration of this time period to preserve your rights.

**I am filing:**   ○ On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

Last Name:

First Name:

Relationship to the claimant:

## Claimant Information

| | |
|---|---|
| *Last Name: | CAMPBELL |
| *First Name: | LAWRENCE |
| *Address: | 153-01 JAMAICA AVENUE |
| Address 2: | |
| *City: | JAMAICA |
| *State: | NEW YORK |
| *Zip Code: | 11432 |
| *Country: | USA |
| Date of Birth: | Format: MM/DD/YYYY |
| Soc. Sec. # | |
| HICN: (Medicare #) | |
| Date of Death: | Format: MM/DD/YYYY |
| Phone: | |
| *Email Address: | LGCLAW@OUTLOOK.COM |
| *Retype Email Address: | LGCLAW@OUTLOOK.COM |
| Occupation: | |

City Employee?   ○ Yes   ● No   ○ NA

Gender      ● Male   ○ Female   ○ Other

● Attorney is filing.

### Attorney Information (If claimant is represented by attorney)

| | |
|---|---|
| +Firm or Last Name: | THE LAW OFFICE OF CRAIG DIETSCH |
| +Firm or First Name: | CRAIG DIETSCH |
| +Address: | 511 6TH AVE. |
| Address 2: | GROUND FLOOR OFFICE |
| +City: | BROOKLYN |
| +State: | NEW YORK |
| +Zip Code: | 11215 |
| Tax ID: | |
| Phone #: | (347) 641-9916 |
| +Email Address: | DIETSCHLEGAL@GMAIL.COM |
| +Retype Email Address: | DIETSCHLEGAL@GMAIL.COM |

### The time and place where the claim arose

| | |
|---|---|
| *Date of Incident: | 08/20/2022  *Format: MM/DD/YYYY* |
| Time of Incident: | 7:00 PM  *Format: HH:MM AM/PM* |
| *Location of Incident: | LINDEN BLVD. AND 165TH STREET, QUEENS, NY |
| Address: | |
| Address 2: | |
| City: | |
| *State: | NEW YORK |
| Borough: | QUEENS |

*** Denotes required fields.**
**+Denotes field that is required if attorney is filing.**
**A Claimant OR an Attorney Email Address is required.**

New York City Comptroller
Brad Lander

**\*Manner in which claim arose:**

ON AUGUST 20, 2022, MR. CAMPBELL'S EMPLOYEE GLENN RICHARDSON WAS LAWFULLY PRESENT INSIDE A NON-MOVING VEHICLE BELONGING TO MR. CAMPBELL'S COMPANY. THE VEHICLE WAS LAWFULLY PARKED AT, OR NEAR THE CORNER OF LINDEN BLVD. AND 165TH STREET, IN QUEENS COUNTY, NEW YORK. THE VEHICLE WAS PROPERLY LICENSED AND HAD ALL THE REQUISITE PERMITS AND LICENSES CONSPICUOUSLY DISPLAYED. UNIFORMED MEMBERS OF THE NEW YORK CITY POLICE DEPARTMENT 113TH PRECINCT APPROACHED MR. RICHARDSON AND QUESTIONED HIM WITHOUT PROBABLE CAUSE, BOARDED MR. CAMPBELL'S VEHICLE WITHOUT PERMISSION, INSPECTED THE CONTENTS THEREOF VEHICLE WITHOUT A WARRANT, OR A VALID EXCEPTION THERETO, AND PLACED MR. RICHARDSON INTO POLICE CUSTODY AND SEIZED MR. CAMPBELL'S VEHICLE WITHOUT AUTHORITY TO DO SO..MR. CAMPBELL, WHO HAD BEEN NEARBY, CAME TO THE SCENE AND WITNESSED THE EVENTS. MR. RICHARDSON, WITH MR. CAMPBELL FOLLOWING, WAS TAKEN BY THE POLICE TO THE 113TH PRECINCT WHERE HE WAS DETAINED, QUESTIONED WITHOUT AN ATTORNEY, PROCEEDED, AND ISSUED TWO TICKETS (OPERATING WITHOUT A VENDOR'S LICENSE AND CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE (CANNABIS). BOTH TICKETS WERE ISSUED TO HARASS AND ANNOY MR. RICHARDSON IN VIOLATION OF HIS CIVIL RIGHTS AND TO JUSTIFY THE NYPD'S UNLAWFUL SEARCH AND SEIZURE OF MR. RICHARDSON'S PERSON AND HIS EMPLOYER'S PROPERTY. MR. CAMPBELL WITNESSED MEMBERS OF THE NYPD WHO DESPITE MR. CAMPBELL'S REPEATED REQUESTS, ENTER AND SEARCH THE VEHICLE OWNED BY HIS COMPANY. UPON INFORMATION AND BELIEF, THERE WAS NO WAY THAT THE NYPD COULD LAWFULLY AFFIRM UNDER THE PENALTY OF PERJURY, THAT MR. RICHARDSON UNLAWFULLY POSSESSED MARIJUANA AS THERE WAS NEVER A LAB TEST DONE TO DETERMINE THE THC LEVEL IN ANY ALLEGED CONTRABAND THAT WAS SEIZED FROM THE VEHICLE. MOREOVER, THERE WAS A LACK OF PROBABLE CAUSE FOR THE NYPD TO EVEN PERFORM SUCH A TEST IN THE FIRST INSTANCE. UPON INFORMATION AND BELIEF, THAT POLICE WERE AWARE OF THE FOREGOING BUT CHOSE TO IGNORE THE LAW TO VIOLATE MR. RICHARDSON AND HIS EMPLOYER MR. CAMPBELL'S RIGHTS UNDER THE COLOR OF LAW.

**EXHIBIT #5**



AFFI|1053167|1049274

Q23628909

CRIMINAL COURT OF THE CITY OF NEW YORK
PART APAR, COUNTY OF QUEENS

THE PEOPLE OF THE STATE OF NEW YORK |

V.

LAWRENCE CAMPBELL (41Y)
    09494108Q

                                DEFENDANT|

STATE OF NEW YORK
COUNTY OF QUEENS



**CR-021835-23QN**

POLICE OFFICER STEPHEN RICE OF TACTICAL NARCOTICS TEAM - QUEENS, TAX
REG#: 964238, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT JULY
28 2023 AT ABOUT 3:30PM, AT THE NW INTERSECTION OF LINDEN BLVD AND 135
STREET, COUNTY OF QUEENS, STATE OF NEW YORK, THE DEFENDANT COMMITTED
THE OFFENSES OF:

PL 222.40-2 (EFF 3/31/2021) [DF] CRIMINAL POSSESSION OF CANNABIS IN
    THE FIRST DEGREE
PL 222.60 (EFF 3/31/2021) [DF] CRIMINAL SALE OF CANNABIS IN THE FIRST
    DEGREE (2 COUNTS)
PL 222.35-1 (EFF 3/31/2021) [EF] CRIMINAL POSSESSION OF CANNABIS IN
    THE SECOND DEGREE
PL 222.35-2 (EFF 3/31/2021) [EF] CRIMINAL POSSESSION OF CANNABIS IN
    THE SECOND DEGREE
PL 222.30-1 (EFF 3/31/2021) [AM] CRIMINAL POSSESSION OF CANNABIS IN
    THE THIRD DEGREE
PL 222.30-2 (EFF 3/31/2021) [AM] CRIMINAL POSSESSION OF CANNABIS IN
    THE THIRD DEGREE

---

PL 222.40-2 (EFF 3/31/2021) [DF] CRIMINAL POSSESSION OF CANNABIS IN THE
FIRST DEGREE
    --- KNOWINGLY AND UNLAWFULLY POSSESSES CONCENTRATED CANNABIS AND
    SUCH CONCENTRATED CANNABIS WEIGHS MORE THAN FOUR POUNDS;

PL 222.60 (EFF 3/31/2021) [DF] CRIMINAL SALE OF CANNABIS IN THE FIRST
DEGREE (2 COUNTS)
    --- KNOWINGLY AND UNLAWFULLY SELLS MORE THAN FIVE POUNDS OF
    CANNABIS OR MORE THAN TWO POUNDS OF CONCENTRATED CANNABIS;

PL 222.35-1 (EFF 3/31/2021) [EF] CRIMINAL POSSESSION OF CANNABIS IN THE
SECOND DEGREE
    --- KNOWINGLY AND UNLAWFULLY POSSESSES CANNABIS AND SUCH CANNABIS
    WEIGHS MORE THAN FIVE POUNDS;

PL 222.35-2 (EFF 3/31/2021) [EF] CRIMINAL POSSESSION OF CANNABIS IN THE
SECOND DEGREE



CAMPBELL,LAWRENCE  Q23628909

    --- KNOWINGLY AND UNLAWFULLY POSSESSES CONCENTRATED CANNABIS AND
SUCH CONCENTRATED CANNABIS WEIGHS MORE THAN TWO POUNDS;

PL 222.30-1 (EFF 3/31/2021) [AM] CRIMINAL POSSESSION OF CANNABIS IN THE
THIRD DEGREE
    --- KNOWINGLY AND UNLAWFULLY POSSESSES CANNABIS AND SUCH CANNABIS
WEIGHS MORE THAN SIXTEEN OUNCES;

PL 222.30-2 (EFF 3/31/2021) [AM] CRIMINAL POSSESSION OF CANNABIS IN THE
THIRD DEGREE
    --- KNOWINGLY AND UNLAWFULLY POSSESSES CONCENTRATED CANNABIS AND
SUCH CONCENTRATED CANNABIS WEIGHS MORE THAN FIVE OUNCES.


THE ABOVE OFFENSES WERE COMMITTED AS FOLLOWS:

DEPONENT STATES THAT ON JULY 28, 2023, AT APPROXIMATELY 3:30 PM, AT
THE ABOVE MENTIONED LOCATION, HE EXECUTED A SEARCH WARRANT ISSUED BY THE
HONORABLE JUDGE QUYNDA SANTACROCE ON JULY 28, 2023, FOR AN APPROXIMATELY
FIFTY-FIVE (55) FOOT LONG WHITE MOBILE HOME WITH THE WORDS "SPRINTER
BY KEYSTONE" PRINTED IN BLUE LETTERS ON THE FRONT, SIDE, AND BACK OF
SAID MOBILE HOME BEARING LICENSE PLATE CC82091.

DEPONENT FURTHER STATES THAT HE OBSERVED THE DEFENDANT, LAWRENCE
CAMPBELL, INSIDE OF THE ABOVE MENTIONED LOCATION, AND HE OBSERVED ONE
(1) CHECK WITH THE DEFENDANT'S NAME INSIDE OF THE ABOVE MENTIONED
LOCATION.

DEPONENT FURTHER STATES THAT HE RECOVERED THIRTY-TWO (32) BAGS OF
TETRAHYDROCANNABINOL (THC) INFUSED EDIBLES, TWENTY (20) BOXES OF
TETRAHYDROCANNABINOL (THC) VAPE OILS, AND TWELVE (12) BOTTLES OF
TETRAHYDROCANNABINOL (THC) INFUSED LEMONADE FROM THE ABOVE MENTIONED
LOCATION.

DEPONENT FURTHER STATES THAT HE WEIGHED THE ABOVE MENTIONED THIRTY-TWO
(32) BAGS OF TETRAHYDROCANNABINOL (THC) INFUSED EDIBLES AND THE ABOVE
MENTIONED TWENTY (20) BOXES OF TETRAHYDROCANNABINOL (THC) VAPE OILS
AND THAT IT WEIGHED IN EXCESS OF TWO (2) POUNDS.

DEPONENT FURTHER STATES THAT HE RECOVERED MULTIPLE CONTAINERS AND BAGS
CONTAINING A GREEN LEAFY VEGETATIVE SUBSTANCE WITH AN ODOR OF
MARIJUANA FROM THE ABOVE MENTIONED LOCATION.

DEPONENT FURTHER STATES THAT HE WEIGHED THE ABOVE MENTIONED CONTAINERS
AND BAGS OF MARIJUANA AND THAT IT WEIGHED IN EXCESS OF FIVE (5) POUNDS.

DEPONENT FURTHER STATES THAT HE RECOVERED TWO (2) ELECTRONIC CREDIT CARD
DEVICES, ONE (1) BOOK CONTAINING INVENTORY AND PRICES, AND THREE (3)
MENUS CONTAINING INVENTORY AND PRICES FROM THE ABOVE MENTIONED LOCATION.

DEPONENT FURTHER STATES THAT HIS CONCLUSION THAT THE SUBSTANCES
RECOVERED ARE TETRAHYDROCANNABINOL (THC) OILS, TETRAHYDROCANNABINOL
(THC) EDIBLES, AND MARIJUANA IS BASED UPON HIS EXPERIENCE AS A POLICE
OFFICER AND IN HIS TRAINING IN THE IDENTIFICATION AND PACKAGING OF


**CAMPBELL, LAWRENCE**  Q23628909

CONTROLLED SUBSTANCES AND MARIJUANA.

FALSE STATEMENTS MADE IN THIS DOCUMENT ARE
PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT
TO SECTION 210.45 OF THE PENAL LAW

7/29/03
DATE       SIGNATURE

SWORN TO BEFORE ME ON THE
DAY OF


DATE       SIGNATURE

**EXHIBIT #6**

# Certificate of Licensure
## New York State Cannabinoid Hemp Program



**NEW YORK STATE** | **Office of Cannabis Management**

Business or Legal Entity Name: **Bugzy's Budspot LLC**

Contact: **Lawrence Campbell**

Address: **11202 168th St**

**Jamaica**     **NY**     **11433**
CITY     STATE     ZIP

License Type : **Cannabinoid Hemp Retail License**

Date of Issuance: **02-Nov-2022**     Date of Expiration: **02-Nov-2023**

The Cannabinoid Hemp License or Permit holder must comply with all applicable state and local laws and regulations. This includes, but is not limited to Article 5 of the Cannabis Law and its implementing regulations. A Cannabinoid Hemp License or Permit holder's failure to comply with these laws and regulations may result in revocation of the license or permit, and the imposition of civil penalties as provided for in Cannabis Law Article 2, Article 5, and Article 6, as applicable.

License or Permit Number: **OCM-HMPR-22-03524-001**

# EXHIBIT #7

New York State Department of Taxation and Finance

# Certificate of Authority

**Identification number**

## 87-4037324

*(Use this number on all returns and correspondence)*



BUGZY'S BUDSPOT LLC
11202 168TH ST
JAMAICA NY 11433-3918

is authorized to collect sales and use taxes under Articles 28 and 29 of the New York State Tax Law.

**Nontransferable**

This certificate must be prominently displayed at your place of business.
Fraudulent or other improper use of this certificate will cause it to be revoked.
The certificate may not be photocopied or reproduced.

402010910009&

1DB8 - 2080635    P0000242 - 01

# VALIDATED

## 7/26/2023

Dept of Tax
and Finance

DTF-17-A (11/14)

**EXHIBIT #8**

| License ID | License Type | Entity | Email | Location |
|---|---|---|---|---|
| OCM-HMPR-22-01683 | Cannabinoid Hemp Retail License | AmeriCannabis, Inc. | americannabisinc@gmail.com | Monroe |
| OCM-HMPR-22-01684 | Cannabinoid Hemp Retail License | Northeast Mobility Center LLC | supplysolutions@gmail.com | Albany |
| OCM-HMPR-22-01685 | Cannabinoid Hemp Retail License | Shawna C Dominique | Dominiquesgenesis@gmail.com | Queens |
| OCM-HMPR-22-01651 | Cannabinoid Hemp Retail License | Shri Harikrushna Corp | bhavinsheth2000@yahoo.com | New York |
| OCM-HMPR-22-01652 | Cannabinoid Hemp Retail License | Lavish Soul LLC | Lavishsoulllc@gmail.com | New York |
| OCM-HMPR-22-01653 | Cannabinoid Hemp Retail License | Shri Krushna Corp | bhavinsheth2000@yahoo.com | New York |
| OCM-HMPR-22-01654 | Cannabinoid Hemp Retail License | Shreekrushnasharan Corp | bhavinsheth2000@yahoo.com | New York |
| OCM-HMPR-22-01655 | Cannabinoid Hemp Retail License | The Green Room WV, LLC | elliot.breslav@gmail.com | New York |
| OCM-HMPR-22-01656 | Cannabinoid Hemp Retail License | Foliage Hemp Inc. | bryantevans72@yahoo.com | Orange |
| OCM-HMPR-22-01658 | Cannabinoid Hemp Retail License | PRINCE PROPERTY HOLDING INC | PETERMETRO602@GMAIL.COM | Queens |
| OCM-HMPR-22-01659 | Cannabinoid Hemp Retail License | AllSavingsZone, LLC | Info@allsavingszone.net | Houston, TX |
| OCM-HMPR-22-01660 | Cannabinoid Hemp Retail License | RUTGERS CONVENIENCE STORE CORP | ALSAIDISERVICE@GMAIL.COM | New York |
| OCM-HMPR-22-01661 | Cannabinoid Hemp Retail License | High Falls Extracts, LLC | rick@highfallsextracts.com | Ulster |
| OCM-HMPR-22-01662 | Cannabinoid Hemp Retail License | MA NEWS GROCERY INC. | azam11102@yahoo.com | Queens |
| OCM-HMPR-22-01663 | Cannabinoid Hemp Retail License | Lawrence G Campbell | lcampbell07@gmail.com | Queens |

6/9/2023

| | License | | | |
|---|---|---|---|---|
| OCM-HMPR-22-03516 | Cannabinoid Hemp Retail License | J & A VAPE SHOP INC | CANDIESRUSWHOLESALE@YAHOO.COM | Richmond |
| OCM-HMPR-22-03517 | Cannabinoid Hemp Retail License | O'DELL TOBACCO & CIGAR CORP. | yazeedamer5@gmail.com | Westchester |
| OCM-HMPR-22-03518 | Cannabinoid Hemp Retail License | SOOTA II INC. | saudzkhan1@gmail.com | Nassau |
| OCM-HMPR-22-03519 | Cannabinoid Hemp Retail License | YUMZE INC | alsaidi40@gmail.com | Queens |
| OCM-HMPR-22-03520 | Cannabinoid Hemp Retail License | Valley Market Corp. | kanupatel01@gmail.com | Warren |
| OCM-HMPR-22-03521 | Cannabinoid Hemp Retail License | A Calm Solution LLC | info@acalmsolution.com | Suffolk |
| OCM-HMPR-22-03522 | Cannabinoid Hemp Retail License | NY GREEN CONVENIENCE CORP | ASSEMG.017@GMAIL.COM | Kings |
| OCM-HMPR-22-03523 | Cannabinoid Hemp Retail License | The hot box convenience inc. | 726rentals@gmail.com | Richmond |
| OCM-HMPR-22-03524 | Cannabinoid Hemp Retail License | Bugzy's Budspot LLC | lcampbell07@gmail.com | Queens |
| OCM-HMPR-22-03525 | Cannabinoid Hemp Retail License | Happy Convenience Corp. | happyconveniencecorp@gmail.com | New York |
| OCM-HMPR-22-03526 | Cannabinoid Hemp Retail License | CNY PARTNERS LLC | josh.schipper@mjtrim.com | New York |
| OCM-HMPR-22-03527 | Cannabinoid Hemp Retail License | ISH EXOTICS CORP. | CITYVIBES44@GMAIL.COM | New York |
| OCM-HMPR-22-03528 | Cannabinoid Hemp Retail License | Ny Smoke Signals llc | todd16@gmail.com | Schenectady |
| OCM-HMPR-22-03529 | Cannabinoid Hemp Retail License | MONTICELLO SHELL FOOD MART INC | dollarhidais@yahoo.com | Sullivan |

6/9/2023

# EXHIBIT #9



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, N.Y. 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

JOHN SCHEMITSCH
*Senior Counsel*
Tel.: (646) 740-1295
Fax: (212) 356 3509
Email: jschemit@law.nyc.gov

December 7, 2023

**VIA ECF**
The Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re: <u>Campbell v. Adams et al.</u>, 23-cv-06435 (RPK)(CLP)

Your Honor:

    I am Senior Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants Mayor Eric Adams and the City of New York in the above-captioned case.[1] In accordance with the Court's October 6, 2023 order, defendants write in opposition to plaintiff's motion for a preliminary injunction seeking to enjoin defendants "from searching, seizing Hemp and arresting licensed and unlicensed hemp retailers until a final disposition on the merits in the above-entitled action." (See ECF No. 5).

    For reasons explained more fully *infra*, plaintiff fails to meet the high burden for immediate injunctive relief—"one of the most drastic tools in the arsenal of judicial remedies"—as to his request, such that his requested relief must be denied in full here. Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007).

I.    Pertinent Background

    Plaintiff filed his Complaint on August 28, 2023, alleging, *inter alia*, that NYPD Sergeant Raymond Persaud and Officer Anthony Patti arrested his employee Glenn Richardson and confiscated undisclosed amounts of cannabinoid hemp along with the vehicle in which he conducted business. (See ECF No. 1). Plaintiff initially moved for a combined temporary restraining order and preliminary injunction on August 9, 2023. (See ECF No. 5). Plaintiff

---

[1] This case has been assigned to Assistant Corporation Counsel Mamoon Saleemi, who is not yet admitted to the Bar and is handling this matter under supervision. Mr. Saleemi may be reached directly at (212) 356-2384 or by email at msaleemi@law.nyc.gov.

thereafter filed an Amended Complaint on September 6, 2023. (See ECF No. 6). The Court denied plaintiff's request for a temporary restraining order and directed defendants to respond to plaintiff's motion for a preliminary injunction by September 20, 2023. (See Dkt. Entry, dated August 30, 2023). The Court subsequently set the date for Defendant's to respond by December 7, 2023. (See Dkt. Entry, dated October 6, 2023). Plaintiff seeks an order from the Court enjoining defendants from: (1) searching, and seizing hemp and (2) arresting licensed and unlicensed hemp retailers until a final disposition on the merits in the above-entitled action. (See ECF No. 5).

II.    Legal Standard

In explaining the heavy burden a movant under Fed. R. Civ. P. 65(a) faces, courts have observed that "a preliminary injunction 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" C.D.S., Inc. v. Zetler, 217 F. Supp. 3d 713, 716 (S.D.N.Y. 2016) (quoting Grand River Enter. Six Nations, Ltd., 481 F.3d at 66 (2d Cir. 2007)). The relevant analysis asks whether the petitioning party clearly demonstrates "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." Navigator Bus. Servs. LLC v. Chen, No. 23-CV-01551 (HG), 2023 U.S. Dist. LEXIS 200735, at *6 (E.D.N.Y. Nov. 8, 2023) (quoting Conn. State Police Union v. Rovella, 36 F.4th 54, 62 (2d Cir. 2022))

A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." Gov't Emps. Ins. Co. v. Tenenbaum, No. 22-CV-4543 (ARR) (PK), 2023 U.S. Dist. LEXIS 56917, at *6 (E.D.N.Y. Mar. 31, 2023) (quoting Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002)). Where irreparable harm has not been demonstrated, "the Court need not reach any of the other requirements necessary for the grant of injunctive relief[.]" Allstate Ins. Co. v. Avetisyan, No. 17-CV-04275 (LDH) (RML), 2018 U.S. Dist. LEXIS 222905, at *7 (E.D.N.Y. Oct. 30, 2018); see Grand River Enter. Six Nations, 481 F.3d at 66 (2d Cir. 2007) ("[T]he moving party must first demonstrate [irreparable harm] before the other requirements for the issuance of an injunction will be considered."). Therefore, absence of a showing of irreparable harm is fatal to a motion made under Fed. R. Civ. P. 65(a). Id. The Second Circuit has defined irreparable harm as "'certain and imminent harm for which a monetary award does not adequately compensate.'" Allstate Ins. Co. v. Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC, 677 F. App'x 716, 718 (2d Cir. 2017) (citing Wisdom Imp. Sales Co. v. Labatt Brewing Co., 339 F.3d 101, 113 (2d Cir. 2003)).

III.    Discussion

Plaintiff's motion for a preliminary injunction must be denied because plaintiff has not demonstrated either a likelihood of success on the merits or sufficiently serious questions going to the merits of his claims to make them fair ground for litigation, irreparable harm, or that an injunction here is in the public interest. See Grayson v. Equifax Credit Info. Servs., No. 18-CV-6977 (MKB), 2019 U.S. Dist. LEXIS 70051, at *3 (E.D.N.Y. Apr. 24, 2019) (denying preliminary injunction where "Plaintiff's application fail[ed] to state any facts from which the Court could conclude that a . . . [preliminary injunction] is appropriate.")

As a preliminary matter, defendants note that because plaintiff is proceeding *pro se* and is the sole claimant in this case, he cannot seek relief on the behalf of others. See e.g., Burke v. Reid-Cherry, 2021 U.S. Dist. LEXIS 97916, at *8 (S.D.N.Y. May 24, 2021). Here, plaintiff purports to enjoin defendants from taking action with regard to 'hemp retailers,' and does not represent them in this lawsuit. To that end, plaintiff's purported motion for a preliminary injunction on their behalf must be denied. See McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000) ("A pro se litigant . . . is not empowered to proceed on behalf of anyone other than himself.")

A. Likelihood of Irreparable Harm

Plaintiff's request for a preliminary injunction must be denied because he has not met his burden of showing that he will face a likelihood of irreparable harm absent injunctive relief.[2] First, plaintiff has failed to allege facts that show he will face any non-compensable harms. Wisdom Imp. Sales Co., L.L.C., 339 F.3d at 113-14 ("only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief."). The search and seizure of plaintiff's vehicle and products that plaintiff holds out for sale are by definition compensable since plaintiff is seeking compensatory damages for all of his claims. CRP/Extell Parcel I, L.P. v. Cuomo, 394 F. App'x 779, 781 (2d Cir. 2010) (citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979)) ("an injury compensable by money damages is insufficient to establish irreparable harm.). If plaintiff is successful in his claims, he will be adequately compensated by an award of money damages, therefore the harm he alleges is compensable and insufficient to support a finding of irreparable harm. Allstate Ins. Co. v. Avetisyan, No. 17-CV-04275 (LDH) (RML), 2018 U.S. Dist. LEXIS 222905, at *16 (E.D.N.Y. Oct. 30, 2018); Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) ("Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."); Jayaraj v. Scappini, 66 F.3d 36, 39 (2d Cir. 1995) (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)) ("'The possibility that adequate compensatory [] relief will be available [] in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'").

Second, plaintiff has not alleged any harm that is imminent and actual. Indeed, plaintiff's claims arise from a single prior incident. Plaintiff claims in his motion that he "may not just lose his business . . . but he may possibly lose his life at the hands of an NYPD Officer serving another alleged warrant." (See ECF No. 5). Plaintiff, however, has failed to provide any evidence showing that his unsubstantiated fears of losing his business or life are "'actual and imminent,' not 'remote or speculative[,]'" harm about actions he believes the NYPD might take, at some unspecified, uncertain point in the future.[3] See Pado, Inc. v. SG Trademark Holding Co LLC, No. 19-CV-6614

---

[2] As explained above, to establish irreparable harm, "[plaintiff] must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995) (quotation marks and citation omitted).

[3] Plaintiff alleges that NYPD officers came to his business, searched and seized his "lawful products," and arrested his employee. See ECF No 5. Plaintiff claims that he was forced to close the location because his employee was afraid to be rearrested by NYPD officers. See Id. Plaintiff alleges that the NYPD subsequently executed a search warrant at his place of business. See Id. Finally plaintiff claims that without a preliminary injunction he is afraid he "may" lose

(RPK) (RER), 2020 U.S. Dist. LEXIS 240423, at *11 (E.D.N.Y. Dec. 22, 2020) (quoting Dexter 345 Inc. v. Cuomo, 663 F.3d 59, 63 (2d Cir. 2011)). As courts have explained, the "mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." Borey v. Nat'l Union Fire Ins. Co., 934 F.2d 30, 34 (2d Cir. 1991); Grand v. Schwarz, No. 15-CV-8779 (KMW) (JLC), 2018 U.S. Dist. LEXIS 17541, at *40 (S.D.N.Y. Feb. 2, 2018) ("any claim of irreparable harm must be shown by the moving party to be imminent and actual, grounded on more than conjecture or unsubstantiated fears of what the future may bring.") (quoting Merit Capital Grp., LLC v. Trio Indus. Mgmt., LLC, 2005 U.S. Dist. LEXIS 322, at *6 (S.D.N.Y. Jan. 7, 2005)).

Moreover plaintiff purports that a subsequent incident, where plaintiff alleges he was arrested pursuant to a warrant, shows that he has no adequate remedy at law. (See ECF No. 5). The second incident plaintiff mentions in his motion is not a claim asserted in this lawsuit. Plaintiff puts forward no argument for why the subsequent criminal charges he faces are in any way related to the incident at issue in the present case. Even if this unrelated arrest had some bearing on the instant matter, the fact that plaintiff was arrested on a single occasion does not rise to the level of demonstrating irreparable harm. See Curry v. City of N.Y., No. 10-CV-5847 (SLT) (LB), 2010 U.S. Dist. LEXIS 135461, at *8-9 (E.D.N.Y. Dec. 20, 2010) ("In his affirmation, plaintiff speculates that he "may be illegally arrested," and "may be subject" to having his property illegally seized[,] . . . even if plaintiff were to establish that he had been arrested . . . on a prior occasion, this showing would be insufficient to establish a "real and immediate threat" of these events recurring."); see also Shuster v. Nassau Cty., 948 F. Supp. 282, 284 (S.D.N.Y. 1996) ("[Plaintiff] has not demonstrated anything more than the mere possibility of future harm. [Plaintiff] does not claim that he . . . will for certain be arrested in the future. The mere assertion by [plaintiff] that he might be arrested at some time in the future is highly speculative, and does not constitute actual irreparable harm.")

Finally, other than pointing to an unrelated search warrant that the NYPD subsequently executed upon him, plaintiff has made only conclusory assertions that he will suffer immediate and irreparable injury. See Gordon v. Invisible Children, 2014 U.S. Dist. LEXIS 204717, at *3 (S.D.N.Y. June 17, 2014) (quoting Litho Prestige, Div. of Unimedia Grp., Inc. v. News Am. Pub., Inc., 652 F. Supp. 804, 809 (S.D.N.Y. 1986)) ("Plaintiff does not offer any evidence regarding the specific nature or likelihood of this harm, however, and '[c]onclusory statements . . . represent an insufficient basis for a finding of irreparable harm.'"). Plaintiff alleges that Defendants "seized certain property from him, [but] Plaintiff has not specified the nature of that property or explained why his potential loss of that property would cause him irreparable harm that could not be remedied by money damages." Ottey-Bey v. Scheublin, No. 22-CV-03019 (HG) (LB), 2022 U.S. Dist. LEXIS 131631, at *3 (E.D.N.Y. July 25, 2022)

Accordingly, since Plaintiff has failed to meet his burden of demonstrating irreparable harm, the Court should deny his motion for a preliminary injunction without considering the other elements for a preliminary injunction. See Kamerling 295 F.3d at 214 ("the moving party must show that injury is likely before the other requirements for an injunction will be considered").

---

his business due to continued unlawful searches and seizures of property and "may possibly lose his life at the hands of an NYPD Officer serving another alleged warrant". See Id.

B. Likelihood of Success on the Merits

Additionally, Plaintiff's request must be denied because he has failed to demonstrate a likelihood of success on the merits or sufficiently serious questions going to the merits of his claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in his favor. In his complaint, plaintiff alleges pursuant to 42 U.S.C. § 1983, *inter alia*, unlawful search and seizure, failure to intervene, and numerous related state-law claims arising out of a single search and seizure of his truck and products from within. See ECF No. 6. However plaintiff has failed to make a showing of a likelihood of success on the merits on any of his claims or sufficiently serious questions going to the merits. In fact, plaintiff has not made any arguments for, nor does plaintiff even make an attempt to address these elements. Accordingly, plaintiff's motion should be denied for his failure to "discuss the legal standards applicable to his motion and how his allegations suggest the likelihood of his success on the merits." Ali v. Wuchte, No. 22-CV-01532 (HG) (LGD), 2022 U.S. Dist. LEXIS 153412, at *4 (E.D.N.Y. Aug. 25, 2022) (denying preliminary injunction where the plaintiff failed to state any facts from which the court could properly grant injunctive relief).

Additionally, the balance of equities do not tip decidedly in plaintiff's favor. The injunction that plaintiff seeks here would enjoin the NYPD from arresting licensed and unlicensed hemp retailers as well as stop the NYPD from searching and seizing hemp. But as discussed above, the plaintiff has not shown that he will suffer an actual and continuing harm, where the NYPD would be unable to investigate and effectuate drug related offenses, presenting a significant hinderance on their law enforcement capabilities.

C. Public Interest

Plaintiff's motion for injunctive relief should be denied for failure to make a showing that the public interest would be served by an injunction. Plaintiff seeks to enjoin the NYPD from arresting licensed and unlicensed hemp retailers, without recognizing that any person holding a license found to knowingly possess any cannabis that person knows to be illicit, would be committing an arrestable offense. See NY CLS Cannabis § 136(2). Additionally it is an arrestable offense for any person to knowingly and unlawfully sell any cannabis product for which the sale of requires a license. See NY CLS Cannabis § 132(8). The injunctive relief plaintiff seeks here would effectively stop the NYPD from policing criminal activity. Plaintiff fails to make any arguments showing why enjoining the NYPD from doing so would be in the public interest.

IV. Conclusion

Plaintiff has not met his burden of establishing the elements necessary to obtain a preliminary injunction. Plaintiff has failed to show that he will face a likelihood of irreparable harm that is actual, imminent and non-compensable. Nor has plaintiff met his burden of showing either a likelihood of success on the merits, or sufficiently serious questions going to the merits of his claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in his favor or that an injunction is in the public interest. Accordingly, for the reasons set forth above, the Court should deny plaintiff's motion for injunctive relief.

Respectfully submitted,

_____/s/_____

John Schemitsch
*Senior Counsel*
Special Federal Litigation Division

cc:   **VIA POSTAL MAIL**
      Lawrence G. Campbell
      Plaintiff Pro Se
      112-02 168th Street
      Jamaica, NY 1433
      (347) 883-0627

**EXHIBIT #10a**

CRC-3206 (07/17)

# Criminal Court Appearance Ticket

| | |
|---|---|
| **Name** *(Last, First, MI)*<br>Richerson Glenn | **Date of Birth** *(mm/dd/yy)*<br>3/15/29 |
| **Street Address**<br>52 Averne terrace | **Apt. No.** |

| City | State | Zip Code |
|---|---|---|
| Irvington | NJ | 07111 |

| **Cell Phone Number** *(where court may contact you)*<br>(347) 616 9877 | **Home Phone Number** *(where court may contact you)*<br>( ) |
|---|---|

**Show up to court on:**
**Court Appearance Date** *(mm/dd/yy)*: 09/17/2022     at: 9:30 a.m.

**Your court appearance location:** ○ Other (specify) _____

○ Bronx Criminal Court   ○ Kings & New York Criminal Court   ○ Midtown Community Court   ○ Redhook Community Justice Center   ◉ Queens Criminal Court   ○ Richmond Criminal Court

**Court Locations:** You must appear at the court location identified above.

Bronx Criminal Court ................................................ 215 E 161st Street, Bronx, NY 10451
Kings & New York Criminal Court ................................ 1 Centre Street, New York, NY 10007
Redhook Community Justice Center .................... 88-94 Visitation Place, Brooklyn, NY 11231
Midtown Community Court .................................... 314 W 54th Street, New York, NY 10019
Queens Criminal Court ........................... 120-55 Queens Boulevard, Kew Gardens, NY 11415
Richmond Criminal Court ......................................... 26 Central Ave, Staten Island, NY 10301

## You are Charged as Follows:

**Title of Offense** Unlicensed General Vendor

| **Time 24 Hour** *(hh:mm)* | **Date of Offense** *(mm/dd/yy)*<br>08/20/2022 | **County**<br>Queens |
|---|---|---|

| **Place of Occurrence**<br>Linden Blvd + 165 St | **Precinct**<br>113 |
|---|---|

| **In Violation of Section**<br>20-453 | **Subsection** | VTL ☐ | Admin Code ☑ | Penal Law ☐ | Park Rules ☐ | Other |
|---|---|---|---|---|---|---|

## For Additional Information and Questions:

Visit the website or call the number below for additional information about your court appearance and translation of this document.

**www.mysummons.nyc**

**OR**

**Call 646-760-3010**

**\*\*To avoid a warrant for your arrest, you must show up to court.\*\***

**At court, you may plead guilty or not guilty.**

Please see back for exceptions for Public Consumption of Alcohol and Public Urination offenses.

Defendant stated in my presence *(in substance)*:

I personally observed the commission of the offense charged herein. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of law.

| **Complainant's Full Name Printed**<br>Anthony Patti | **Rank/Full Signature of Complainant**<br>PO Anthony Patti | **Date Affirmed** *(mm/dd/yy)*<br>08/20/2022 |
|---|---|---|

| **Tax Registry #**<br>973655 | **Agency**<br>NYPD | **Command Code**<br>171 |
|---|---|---|

4452618295

**EXHIBIT #10b**

CRC-3206 (07/17)

# Criminal Court Appearance Ticket

| Name (Last, First, MI) Richardson Glenn | Date of Birth (mm/dd/yy) 3/15/79 |
|---|---|

| Street Address 52 Arverne terrace | Apt. No. |
|---|---|

| City Irvington | State NJ | Zip Code 07111 |
|---|---|---|

| Cell Phone Number (where court may contact you) (347) 610 9877 | Home Phone Number (where court may contact you) ( ) |
|---|---|

**Show up to court on:**

Court Appearance Date (mm/dd/yy): 09/17/222 at: 9:30 a.m.

**Your court appearance location:** ◯ Other (specify) _____

| ◯ Bronx Criminal Court | ◯ Kings & New York Criminal Court | ◯ Midtown Community Court | ◯ Redhook Community Justice Center | ⊛ Queens Criminal Court | ◯ Richmond Criminal Court |
|---|---|---|---|---|---|

**Court Locations:** You must appear at the court location identified above.

Bronx Criminal Court ...................................... 215 E 161st Street, Bronx, NY 10451
Kings & New York Criminal Court ...................... 1 Centre Street, New York, NY 10007
Redhook Community Justice Center ................... 88-94 Visitation Place, Brooklyn, NY 11231
Midtown Community Court .................................. 314 W 54th Street, New York, NY 10019
Queens Criminal Court ...................................... 120-55 Queens Boulevard, Kew Gardens, NY 11415
Richmond Criminal Court .................................. 26 Central Ave, Staten Island, NY 10301

### You are Charged as Follows:

| Title of Offense: Unlawful Possession of Cannabis 5 M 61 |
|---|

| Time 24 Hour (hh:mm) | Date of Offense (mm/dd/yy) 06/20/2022 | County Queens |
|---|---|---|

| Place of Occurrence Linden Blvd + 165st | Precinct 113 |
|---|---|

| In Violation of Section | Subsection 222.25 | VTL ☐ | Admin Code ☐ | Penal Law ☑ | Park Rules ☐ | Other |
|---|---|---|---|---|---|---|

### For Additional Information and Questions:

Visit the website or call the number below for additional information about your court appearance and translation of this document.

**www.mysummons.nyc**

**OR**

**Call 646-760-3010**

**\*\*To avoid a warrant for your arrest, you must show up to court.\*\***
**At court, you may plead guilty or not guilty.**
Please see back for exceptions for Public Consumption of Alcohol and Public Urination offenses.

| Defendant stated in my presence (in substance): |
|---|

I personally observed the commission of the offense charged herein. False statements made herein are punishable as Class A Misdemeanor pursuant to section 210.45 of the Penal Law. Affirmed under penalty of law.

| Complainant's Full Name Printed Anthony Patt | Rank/Full Signature of Complainant PO Anson Rwan | Date Affirmed (mm/dd/yy) 06/20/ |
|---|---|---|

| Tax Registry # 973655 | Agency NYPD | Command Code 171 |
|---|---|---|

4452618303

**EXHIBIT #11**

CRIMINAL COURT CITY OF NEW YORK
COUNTY OF QUEENS:

$(\chi - C6\,55 - 25$

--------------------------------------------------------------x

IN THE MATTER OF THE APPLICATION OF
POLICE OFFICER STEPHEN RICE SHIELD # 2527
NARCOTICS BOROUGH QUEENS SOUTH OF THE
NEW YORK CITY POLICE DEPARTMENT
FOR A SEARCH WARRANT

AFFIDAVIT
SEARCH WARRANT

--------------------------------------------------------------x

<u>APPLICATION FOR A SEARCH WARRANT</u>
<u>CRIMINAL COURT OF THE CITY OF NEW YORK</u>
<u>COUNTY OF QUEENS</u>

STATE OF NEW YORK )
COUNTY OF QUEENS )

I, Police Officer Stephen Rice Shield # 2527, assigned to Narcotics Borough Queens South, New York City Police Department being duly sworn, deposes and says,

1. I am a police officer assigned to Narcotics Borough Queens South, New York City Police Department, and as such I am a public servant of the kind specified in C.P.L. § 690.05(1).

2. I have been a police officer in the New York City Police Department for approximately six (6) years. I have been assigned to Narcotics Borough Queens South for approximately five (5) months. I have participated in approximately twenty (20) search warrants and have participated in approximately fifty (50) narcotics related arrests.

3. This is an application to search **an approximately fifty-five (55) foot long, white mobile home with the words "Sprinter by Keystone" printed in blue letters on the front, side, and back of said mobile home, with License Plate #CC82091 affixed to the back of said mobile home, which is currently located on the northwest corner of Linden Boulevard and 135 Street, Queens County, State of New York (hereinafter referred to as the "subject location"),** where there is reasonable cause to believe that evidence of the sale and possession of controlled substances and cannabis will be found in violation of Article 222 of the New York State Penal Law, to wit: **cannabis, concentrated cannabis, or tetrahydrocannabinol (THC), packaging materials, including, but not limited to, vials, glassine envelopes, plastic bags, plastic bottles, or other materials used to package controlled substances, scales, balances, mixers, strainers, dilutants, records or other evidence reflecting controlled substance trafficking, currency used to purchase controlled substances and/or which represents the proceeds of controlled substance trafficking, including but not limited to, financial records in any format tending to demonstrate cash transactions or financial transfers derived from the cash proceeds of controlled substance trafficking, including but not limited to, money orders, bank receipts, bills and receipts for goods and services, evidence of use and access to safety deposit boxes, documents relating to the ownership of real property,**

3

title or registration to motor vehicles, and records or other evidence of ownership or use of this location.

4. I am further requesting authority to photograph and/or videotape the **subject location** for evidentiary purposes while carrying out the above-described search.

5. As specified herein, I am relying upon my own observations, as well as information supplied to me by an Undercover NYPD Officer and other sources as detailed in this application. The facts and circumstances of this investigation have been summarized for the specific purpose of this application. Since this application is being submitted for the limited purpose of establishing probable cause for this warrant, I have not necessarily set forth each and every fact learned during this investigation.

6. As specified herein, in the course of this investigation, I am informed by Undercover Police Officer ▆ (hereinafter referred to as "▆▆▆ who is personally known to me and acting in an undercover capacity, that they went to **the subject location** and engaged in activities and made observations as described below:

7. I state that I am informed by ▆▆▆ that on ▆▆▆, at approximately ▆▆▆, ▆▆ approached **the subject location** and met with a male individual in his mid-thirties, who was wearing a blue hat, white shirt, and jeans (hereinafter referred to as **JD Buggz**). **JD Buggz** then told ▆▆ to wait by the side door of **the subject location**. ▆▆▆ then observed **JD Buggz** enter the rear door of **the subject location**. **JD Buggz** then opened the side door of **the subject location** and ▆▆▆ entered. ▆▆ then asked **JD Buggz** for two (2) edible gummies, which based on my training and experience, is a street term for cannabis infused gummies. **JD Buggz** then handed ▆▆▆ two (2) bags containing alleged cannabis infused gummies. ▆▆▆ then asked for "bud," which based on my training and experience is a street term for vegetative cannabis. **JD Buggz** then handed ▆▆▆ one (1) Ziploc bag containing a quantity of alleged cannabis. **JD Buggz** then requested sixty dollars in United States Currency ($60.00). ▆▆▆ then handed **JD Buggz** sixty dollars in United States Currency ($60.00) and exited **the subject location**.

8. I further state that I am informed by Police Officer Patrick Paige (Tax #959869) that he recovered from ▆▆▆ and vouchered, under Voucher #4001012434, the above-mentioned two (2) bags containing alleged cannabis infused gummies and the above-mentioned one (1) Ziploc bag containing a quantity of alleged cannabis.

9. I further state that I am informed by Police Officer Samuel Blaettler (Tax # 960255) that he conducted a marijuana field test on the substance contained in the above-mentioned one (1) Ziploc bag vouchered under Voucher #4001012434, and that said marijuana field test yielded positive results for cannabis.

10. I further state that on ▆▆▆, at approximately ▆▆▆ ▆▆ approached **the subject location** and met with **JD Buggz**. ▆▆▆ then entered **the subject location** and asked for one (1) ounce of "biggie small," which based on my training and experience is a strain of cannabis. ▆▆▆ then handed **JD Buggz** one hundred and twenty-five dollars in

4

United States Currency ($125.00) in exchange for one (1) plastic zip bag containing approximately one (1) ounce of alleged cannabis. ▓▓▓ then asked **JD Buggz** for two (2) edible gummies. **JD Buggz** handed ▓▓▓ two (2) bags labeled "Runtz Gummies" containing alleged cannabis infused gummies in exchange for thirty dollars in United States Currency ($30.00). ▓▓▓ then exited **the subject location**.

11. I further state that I recovered from ▓▓▓ and vouchered, under Voucher #4001014142, the above-mentioned one (1) plastic zip bag containing approximately one (1) ounce of alleged cannabis and the above-mentioned two (2) bags labeled "Runtz Gummies" containing alleged cannabis infused gummies.

12. I further state that I subsequently reviewed a New York City Police Department Laboratory Report from Criminalist Stephen Daly (Tax #374525), which revealed that the substance contained within the above-mentioned plastic zip bag vouchered under Voucher #4001014142 was tested and found to contain cannabis.

13. On ▓▓▓ at approximately ▓▓▓ I observed the exterior of the **subject location** and confirmed the description as provided by ▓▓▓ as set forth herein. Therefore, it is my opinion that the **subject location** is as ▓▓▓ described.

14. I further state that I performed a license check of the state license registry, and the **subject location** is not a licensed dispensary.

15. It is my opinion, based upon my experience and training as a police officer, as well as my conversations with ▓▓▓ that revealing the identity of ▓ 1▓ would cause danger to ▓▓▓ s safety and potentially to ▓▓▓ s family and friends. It is my opinion that the disclosure of certain factual information contained herein, as well as any oral testimony, would likely reveal the informant's identity, and thus place ▓C▓ life as well as the lives of ▓▓▓ s family and friends in peril. Therefore, I am requesting that the application submitted in support of this application for a search warrant, as well as any oral testimony given before this Court, remain sealed until further order of this Court, except to the extent that the application and any oral testimony may be disclosed by the District Attorney's Office in the discharge of their obligations under Article 245 of the Criminal Procedure Law.

16. I respectfully request this Court's permission to conduct a search of **the subject location** without first announcing our purpose and or our authority. It is my opinion that the items sought to be seized are in a form that may be quickly and easily be destroyed or disposed of by ingestion, fire, flushing down a toilet, or by rinsing down a sink. Thus, it is my opinion that announcing our presence and/or authority prior to executing this search warrant would inhibit the effective investigation of the crimes mentioned herein and would result in a futile effort to recover the items sought to be seized.

17. Based upon the foregoing reliable information and upon my personal knowledge, there is reasonable cause to believe, that such property, to wit: **cannabis, concentrated cannabis, or tetrahydrocannabinol (THC), packaging materials, including, but not**

5

limited to, vials, glassine envelopes, plastic bags, plastic bottles, or other materials used to package controlled substances, scales, balances, mixers, strainers, dilutants, records or other evidence reflecting controlled substance trafficking, currency used to purchase controlled substances and/or which represents the proceeds of controlled substance trafficking, including but not limited to, financial records in any format tending to demonstrate cash transactions or financial transfers derived from the cash proceeds of controlled substance trafficking, including but not limited to, money orders, bank receipts, bills and receipts for goods and services, evidence of use and access to safety deposit boxes, documents relating to the ownership of real property, title or registration to motor vehicles, and records or other evidence of ownership or use of this location, is being unlawfully possessed and constitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of an offense in violation of Article 222 of the Penal Law of the State of New York at the subject location.

18. I know of no previous application in this matter that has been made in this or any other court for the relief requested herein.

**WHEREFORE** I respectfully request that the court issue a search warrant and order of seizure, in the form annexed, to make an immediate search of the **subject location** without first announcing our purpose and or our authority, in light of the fact that the property likely will be removed or destroyed if not seized forthwith, and directing that if such property or evidence or any part thereof be found that it be seized and brought before this Court, together with any such other and further relief that the Court may deem proper.

Police Officer Stephen Rice Shield # 2527

**Sworn to before me this**
**28th day of July 2023**

JUDGE        11:27am    TIME

JR/FTB11

6

# EXHIBIT #12



**EXHIBIT #13**



# QUEENS CRIMINAL COURT

125-01 Queens Boulevard, Kew Gardens, NY 11415

Phone: (718) 298-0792 Fax: (718) 520-2451

Court ORI: NY040033J

## FEE
### Non-Public Version

| | |
|---|---|
| The People of the State of New York<br>vs.<br>**Lawrence G. Campbell** | **Certificate of Disposition**<br>Docket Number:     **CR-021835-23QN** |

CJTN:            70388655Y
NYSID:          09494108Q

Defendant DOB: **04/23/1982**

Arrest Date: **07/28/2023**      Arraignment Date: **07/29/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Queens Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 222.35 01 EF Criminal Possession Cannabis 2 **SEALED 160.50** | EF | Dismissed (Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50) | 12/13/2023 |
| 2 | PL 222.30 01 AM Criminal Possession Cannabis 3 **SEALED 160.50** | AM | Dismissed (Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50) | 12/13/2023 |
| 3 | PL 222.40 02 DF Criminal Possession Cannabis 1 **SEALED 160.50** | DF | Dismissed (Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50) | 12/13/2023 |
| 4-5 | PL 220.60 EF Crim Poss Prec Contrl Subst **SEALED 160.50** | EF | Dismissed (Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50) | 12/13/2023 |
| 6 | PL 222.35 02 EF Criminal Possession Cannabis 2 **SEALED 160.50** | EF | Dismissed (Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50) | 12/13/2023 |
| 7 | PL 222.30 02 AM Criminal Possession Cannabis 3 **SEALED 160.50** | AM | Dismissed (Statutory Motion to Dismiss in Furtherance of Justice (CPL 170.40), Sealed 160.50) | 12/13/2023 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated:   **December 22, 2023**

**Chief Clerk/Clerk of the Court**

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal

procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)] Charges may not be the same as the original arrest charges.

CPL 160.50:      All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.