UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

LAWRENCE CAMPBELL,

                  Plaintiff,

          v.

MAYOR ERIC L. ADAMS, POLICE
COMMISSIONER EDWARD A. CABAN,
NEW YORK CITY POLICE
DEPARTMENT, DETECTIVE
NANDPAUL PERSAUD, OFFICER
STEPHEN RICE, OFFICER ANGEL
ARROYO, and OFFICER REINHOLD
MOESLINGER,

                  Defendants.

------------------------------------------------------x

**MEMORANDUM AND ORDER**
1:24-CV-5345 (RPK) (CLP)

RACHEL P. KOVNER, United States District Judge:

Plaintiff Lawrence Campbell, proceeding *pro se*, brings this 42 U.S.C. § 1983 and state-law action against the City of New York, the New York City Police Department ("NYPD"), former Mayor Eric Adams, former NYPD Commissioner Edward A. Caban, and various NYPD officers alleging that they unlawfully searched his hemp business without probable cause, arrested him, and charged him with criminal possession of cannabis. For the following reasons, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the complaint and assumed true for the purpose of this order. Plaintiff operates Bugzy's BudSpot LLC ("Bugzy's"), a business selling "can[n]abinoid hemp and other hemp related products" out of a parked bus on the corner of Linden Boulevard and 165th Street in Jamaica, Queens. Compl. ¶¶ 4–6 (Dkt. #1). The New York State Office of

1

Cannabis Management issued Bugzy's a Cannabinoid Hemp Retail License, which permitted him to sell certain hemp products at a separate location at 11202 168th Street.  Certificate of Licensure 40 (ECF pagination) (Dkt #1).

On July 28, 2023, Officer Stephen Rice applied for a warrant to search the bus.[1] Compl. ¶ 59.  His affidavit in support of the warrant, attached to the complaint, stated that undercover officers had made controlled purchases from Bugzy's of "edible gummies," a "street term for cannabis infused gummies"; "bud," a "street term for vegetative cannabis"; and "biggie small," a purported strain of cannabis.  Warrant Application 59–60 (ECF pagination) (Dkt. #1). Rice reported that field and laboratory tests of the purchased products yielded "positive results for cannabis."  *Ibid.*  Rice also stated that he performed a state license check and found that "the subject location"—the bus at the corner of Linden and 165th Street—"[wa]s not a licensed dispensary."  *Id.* at 60.  Plaintiff alleges that he sold only hemp.  Compl. ¶ 18.

A magistrate issued a search warrant, which Officers Nandpaul Persaud, Stephen Rice, Angel Arroyo, and Reinhold Moeslinger executed that day.  *See id.* ¶¶ 8, 64–65.  The officers entered the bus, "immediately placed plaintiff in handcuffs," *id.* ¶ 63, and seized various "hemp products," Mem. of L. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") 3–4 (ECF pagination) (Dkt. #26).  Officers informed plaintiff "[a]t the precinct" that he was "arrested for [c]riminal sale and possession of marijuana," leading him to object that he "was in fact licensed and selling hemp" and had disclosed his hemp license on signs outside and inside his bus.  *Id.* ¶¶ 66–68.  Prosecutors later charged plaintiff with criminal possession of cannabis.  During the prosecution, Officer Rice signed an affidavit stating that he recovered THC-infused products and a "vegetative substance

---

[1] Plaintiff filed a lawsuit in 2023 about a similar encounter with the NYPD.  In August 2022, officers allegedly entered the bus without a warrant, "confiscated undisclosed amounts of hemp," seized the vehicle, and arrested an employee. Compl. ¶¶ 7, 56.  The lawsuit surrounding that search and seizure was dismissed.  *Campbell v. Adams*, No. 23-CV-6435 (RPK) (CLP), 2024 WL 4362514 (E.D.N.Y. Sept. 30, 2024).

with an odor of marijuana" from the search. The affidavit accused plaintiff of criminally possessing cannabis. Stephen Rice Aff. 36–37 (ECF pagination) (Dkt. #1). The charges were dismissed. Compl. ¶ 78.

Plaintiff sued the City of New York, the New York City Police Department, former Mayor Eric L. Adams, former NYPD Commissioner Edward A. Caban, and officers Persaud, Rice, Arroyo, and Moeslinger. *Id.* ¶¶ 23–25, 36–40. The complaint asserts the following causes of action against all defendants: (1) violations of the Fourth and Fourteenth Amendments under Section 1983, *id.* ¶¶ 88–100; (2) violations of the New York State Constitution, *id.* ¶¶ 101–05; (3) common-law claims of false imprisonment, negligence, trespass, trover, negligent infliction of emotional distress, negligent hiring, retention, training and supervision, and failure to intervene, *id.* ¶¶ 106–11, 125–59; and (4) violations of plaintiff's rights under New York City Administrative Code § 8-802, *id.* ¶¶ 160–84. Plaintiff separately brings claims against Officer Rice alleging that the officer committed defamation and malicious prosecution by accusing him of criminal possession of cannabis in the first degree. *Id.* ¶¶ 112–24. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, injunctive relief, and a declaratory judgment.

Defendants Adams, Caban, Persaud, Rice, Arroyo, and Moeslinger move to dismiss. They make five arguments: (1) the officers acted reasonably in searching plaintiff's bus pursuant to a search warrant; (2) the officers had at least arguable probable cause to arrest plaintiff for violating New York City Administrative Code Section 20-465(o); (3) the arguable probable cause to arrest plaintiff for violating the City code precludes his claim that he was maliciously prosecuted for cannabis possession; (4) plaintiff fails to allege that Adams and Caban participated directly in the alleged misconduct; and (5) plaintiff fails to adequately plead his state-law claims because he did

3

not allege that he filed a timely notice of claim with the City.  Mem. of L. in Supp. of Defs.' Mot. to Dismiss ("Mot. to Dismiss") (Dkt. #25-1).

## STANDARD OF REVIEW

A complaint will survive a motion to dismiss only when it alleges "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice.  *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).  When evaluating a motion to dismiss under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff."  *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (citation omitted).  But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss.  *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted).  A *pro se* plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).  *Pro se* status, however, does not "exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation omitted).

## DISCUSSION

The motion to dismiss plaintiff's claims against Officers Persaud, Rice, Arroyo, and Moeslinger, as well as former Mayor Adams and Commissioner Caban, is granted in part and denied in part. Qualified immunity bars plaintiff's Fourth Amendment unlawful search, false arrest, and false imprisonment claims against Officers Persaud, Rice, Arroyo, and Moeslinger. Plaintiff also fails to plead a plausible Section 1983 claim against Adams or Caban.[2] However, defendants' motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim and state-law claims is denied.

I. **Qualified immunity bars plaintiff's unlawful search, false arrest, and false imprisonment claims against Officers Persaud, Rice, Arroyo, and Moeslinger. However, defendants' motion to dismiss plaintiff's malicious prosecution claim is denied.**

Qualified immunity shields law enforcement officers from suit for money damages for constitutional or statutory violations arising in the course of their duties, so long as "it was objectively reasonable for them to believe that their acts did not violate those rights." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). While qualified immunity is an affirmative defense ordinarily asserted in an answer, it provides a valid basis to grant "a Rule 12(b)(6) motion [where] the complaint itself establishe[s] the circumstances required as a predicate to a finding of qualified immunity." *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004) (quotation marks and citation omitted).

---

[2] Plaintiff suggests that the Court should deny the motion to dismiss because moving defendants failed to file a timely answer, but plaintiff is incorrect. Moving defendants timely filed a request that the Court schedule briefing for their anticipated motion to dismiss the complaint under Federal Rule of Civil Procedure 12. Letter 1 (Dkt. #18). The Court construes the letter as a motion for an extension to file a motion to dismiss, which this Court granted by ordering the proposed schedule. Mar. 24, 2025 Order.

**A.** **Officers Persaud, Rice, Arroyo, and Moeslinger are protected against plaintiff's search-and-seizure claim by qualified immunity.**

When a plaintiff claims that a state official committed a "Fourth Amendment violation involv[ing] a search . . . pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). The parties agree the officers entered plaintiff's bus after obtaining a search warrant, Compl. ¶¶ 59, 64, which creates a presumption of reasonableness rendering defendants "qualifiedly immune from liability," *Southerland v. City of New York*, 680 F.3d 127, 144, 146 (2d Cir. 2012). To overcome this presumption, the plaintiff must show "that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false" or misleading "statement in his affidavit and that the allegedly false statement was necessary to the finding of probable cause for which the warrant was issued." *See ibid.* (citation omitted); *Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012). This high bar ensures that officers acting pursuant to a warrant are liable only if "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

The complaint fails to allege that the officers procured the warrant by knowingly, intentionally, or recklessly misleading the magistrate. Plaintiff homes in on Officer Rice, arguing that he created a misleading impression of the controlled purchases because the warrant never stated whether the undercover officers expressly asked for "[m]arijuana products." Pl.'s Opp'n 3–4. But the complaint does not contest that Rice understood the undercover officers to have asked a Bugzy's employee for "bud" and "biggie small," which in their experience referred to a "street term for vegetative cannabis." Warrant Application 59. The exhibits attached to the complaint further allege that lab and field testing confirmed that the products received from Bugzy's tested

positive for cannabis.  *Id.* at 59–60.  Drawing all inferences for plaintiff, these facts fail to indicate that Officer Rice described the controlled purchases with reckless disregard for the truth.

Plaintiff separately claims that Officer Rice falsely stated that Bugzy's was "not a licensed dispensary."  Warrant Application 61.  That argument misreads Officer Rice's affidavit, which stated that plaintiff sold products that tested positive for cannabis without a license to operate a cannabis dispensary, even if plaintiff possessed a license to sell hemp.  *Compare* N.Y. Cannabis Law § 72, *with id.* § 93.  Absent supporting facts, plaintiff's allegation that Rice knew he sold hemp but pursued a search warrant anyway is too conclusory to establish a plausible unlawful-search claim.  *See Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 591 (S.D.N.Y. 2011); *Taboola, Inc. v. Ezoic Inc.*, No. 17-CV-9909 (PAE) (KNF), 2020 WL 1900496, at *10 (S.D.N.Y. Apr. 17, 2020).

**B.      The seizing officers had at least arguable probable cause to arrest plaintiff for violating New York City Administrative Code § 20-465(o).**

Plaintiff's false-arrest claim fails because the face of the complaint establishes that officers had at least arguable probable cause for an arrest.

Since the search warrant did not authorize the officers to arrest plaintiff, *see* Search Warrant (Dkt. #25-3), plaintiff's arrest was legally justified only if the officers had probable cause for the arrest, without regard to the existence of a warrant.  Probable cause at the time of arrest is an absolute defense to a false arrest or false imprisonment claim.  *See Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006); *Kilburn v. Village of Saranac Lake*, 413 F. App'x 362, 363 (2d Cir. 2011) (summary order).  Probable cause exists when a law enforcement officer has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested."  *United States v. Diaz*, 854 F.3d 197, 203 (2d Cir. 2017) (citation omitted). An "arresting officer need not have probable cause with respect to . . . any charge actually invoked

7

by the arresting officer," so long as "the officer had probable cause to make an arrest for any crime . . . at the time of the arrest." *Simpson v. City of New York*, 793 F.3d 259, 267 (2d Cir. 2015) (internal quotation marks and citation omitted).

Qualified immunity, in turn, shields officers from liability for false arrest or false imprisonment so long as "arguable probable cause" existed "to arrest the plaintiff." *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016) (quotation marks omitted) (quoting *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2014)). Arguable probable cause exists if either (i) "it was objectively reasonable for the officer to believe that probable cause existed," or (ii) "officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* at 633 (citation omitted). The officers argue they had arguable probable cause to arrest plaintiff for violating New York City Administrative Code § 20-465(o), which sets rules for selling goods in public spaces, as well as for unlicensed general vending. Mot. to Dismiss 7–8.

The face of the complaint establishes that the arresting officers had at least arguable probable cause to arrest plaintiff for violating New York City regulations that govern the time, place, and manner of general vending. New York City's general vendor law, *see* N.Y.C. Admin. Code §§ 20-452 *et seq.*, "regulates the retail sale of non-food goods and services in . . . public spaces." *Al-Amin v. City of New York*, 979 F. Supp. 168, 169 (E.D.N.Y. 1997). A "'general vendor' is defined as '[a] person who hawks, peddles, sells, leases or offers to sell or lease, at retail, [non-food] goods and services . . . in a public space.'" *Ibid.* (quoting N.Y.C. Admin. Code § 20-452(b)) (alterations original). "A general vendor of non-food goods and services, except for exclusively written material, must obtain a general vendor's license from the Department of Consumer [and Worker Protection]." *Ibid.* (citing N.Y.C. Admin. Code § 20-453). Even if licensed, a general vendor may not "sell or offer for sale any item directly from any parked or

8

double parked motor vehicle." N.Y.C. Admin. Code § 20-465(o). At the time of the arrest, a Section 20-465 violation was "a misdemeanor punishable by a fine of not more than five hundred dollars," by "imprisonment for not more than thirty days," or both. *See* N.Y.C. Local Law No. 122 for 2025, § 6.

The face of the complaint establishes at least arguable probable cause for a violation of the general vending rules—specifically, the rules prohibiting sales directly from a parked vehicle. The complaint states that plaintiff sold hemp out of "a parked bus with the company name on a banner attached to" it. Compl. ¶ 7. And Officer Rice's warrant application, which is attached to and incorporated in the complaint, indicates that undercover officers had entered the bus and purchased various products from plaintiff. Warrant Application 59. Officer Rice's knowledge is presumed to be "shared by all" other officers "cooperating in [the] investigation." *Savino v. City of New York*, 331 F.3d 63, 74 (2d Cir. 2003) (citation omitted). A reasonable officer in the position of officers Persaud, Rice, Arroyo, and Moeslinger could therefore have believed that plaintiff sold or offered to sell hemp products "directly from [his] parked" vehicle, a misdemeanor offense in violation of N.Y.C. Admin. Code § 20-465(o). Because the Fourth Amendment authorizes warrantless arrests for these kinds of "minor criminal offense[s]," *Atwater v. City of Lago Vista*, 532 U.S. 318, 323 (2001), the officers had reasonable probable cause to arrest plaintiff.

**C.    Defendants' motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim is denied.**

Defendants' motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim is denied. Probable cause is "a complete defense to a constitutional claim of malicious prosecution." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). An officer has probable cause to initiate prosecution if the facts and circumstances "would lead a reasonably prudent person to believe the plaintiff guilty" of the charged crime. *Boyd v. City of New York*, 336 F.3d 72, 76 (2d

9

Cir. 2003).  The existence of probable cause is determined at the time the criminal proceeding is commenced.  *Davis v. City of New York*, 373 F. Supp. 2d 322, 333 (S.D.N.Y. 2005); *Mejia v. City of New York*, 119 F. Supp. 2d 232, 254 (E.D.N.Y. 2000); *see Rothstein v. Carriere*, 373 F.3d 275, 292 (2d Cir. 2004).  Unlike in the false-arrest context, a court must evaluate probable cause "charge by charge" to assess whether "an invalid charge" prolonged the plaintiff's detention.  *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562 (2024).  An officer therefore must establish probable cause "as to each crime charged in the underlying criminal action."  *Kee v. City of New York*, 12 F.4th 150, 166 (2d Cir. 2021); *Carruthers v. Colton*, 153 F.4th 169, 181 (2d Cir. 2025).

Because defendants' motion to dismiss does not establish probable cause as to the charged crime of criminal possession of cannabis, the motion is denied. The motion argues that Officer Rice had probable cause to arrest plaintiff for unlawful vending in violation of the New York City Administrative Code.  Mot. to Dismiss 7–9.  Even if the defendants are right, their argument would not establish that probable cause existed to charge the defendant with criminal possession of cannabis.

## II.    Plaintiff fails to state a plausible claim that Adams and Caban directly violated his federal constitutional rights.

Supervisory officials such as Mayor Adams and Commissioner Caban may not be held liable under Section 1983 "for the conduct of a lower-echelon employee solely on the basis of respondeat superior." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 122 (2d Cir. 1991).  Instead, a plaintiff may only bring a claim against supervisory officials by alleging the "personal involvement of defendants in [the] alleged constitutional deprivations." *Hawthorne ex rel. Hawthorne v. County of Putnam*, 492 F. Supp. 3d 281, 293 (S.D.N.Y. 2020) (citation omitted); *see Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020).  Personal involvement can be established by showing, *inter alia*, that the individual defendant "participated directly in the alleged

10

constitutional or statutory violation" or "created a policy or custom under which unlawful practices occurred." *Sylla v. N.Y.C. Dep't of Educ.*, 664 F. Supp. 3d 311, 332 (E.D.N.Y. 2023) (brackets omitted) (quoting *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004)).

Plaintiff fails to adequately plead that Adams or Caban directly participated in the officers' alleged misconduct. His core allegation regarding Adams and Caban is that they "openly supported the . . . detention of individuals selling cannabis fully aware that not all cannabis[, like hemp,] was unlawful to possess." Compl. ¶ 91. But neither this conclusory statement nor any other in the complaint plausibly suggests that Adams or Caban directly authorized or otherwise supported the specific conduct of the arresting officers involving plaintiff. *See Wilson v. Celestin*, No. 17-CV-5592 (MKB), 2018 WL 2304762, at *3 (E.D.N.Y. May 18, 2018) (collecting cases and holding that "[w]ithout any facts further supporting" the allegation that one defendant's "conduct was 'approved by'" the supervisory defendant, plaintiff had "not adequately pled that [the supervisory defendant] was personally involved").

### III.    Plaintiff's state-law claims survive defendants' motion.

Defendants have not established a basis for this Court to dismiss or decline jurisdiction over plaintiff's state-law claims.

First, defendants have not established that plaintiff's failure to file a notice of claim bars his state-law claims. Section 50-k(6) of the New York General Municipal Law states that "[n]o action or proceeding instituted hereunder . . . shall be prosecuted or maintained against the city [of New York] or any agency or an employee unless notice of claim shall have been made and served upon the city in compliance with section fifty-e . . . and within ninety days after the claim arises." Section 50-e(1)(b) requires a plaintiff bringing a claim against city employees to serve a notice of

11

claim "only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b).

The circumstances under which New York City "has a statutory obligation to indemnify [its employees]" are set out in New York General Municipal Law § 50-k(3). Generally, the City must indemnify an employee for a money judgment arising from acts or omissions that "occurred while the employee was acting within the scope of his public employment" and "not in violation of any rule or regulation of his agency at the time the alleged damages were sustained." *Id.* § 50-k(3). However, there is no duty to indemnify for "damages result[ing] from intentional wrongdoing or recklessness on the part of the employee." *Ibid.* These provisions, taken together, require a plaintiff to file a notice of claim in order to pursue claims that the City might be required to pay—but not claims as to which no indemnification obligation exists. *Palmer v. City of New York*, No. 19-CV-5542 (RPK) (CLP), 2023 WL 3455058, at *3 (E.D.N.Y. May 15, 2023).

Because defendants do not identify which of the plaintiff's claims would have obligated the City to indemnify them, their motion to dismiss is denied. Their memorandum presents no argument that the officers acted within their scope of their employment and consistently with NYPD rules. N.Y. Gen. Mun. Law § 50-k(3). Nor do defendants make any argument as to why the claims plaintiff sets forth do not qualify as allegations of "intentional wrongdoing or recklessness" that fall outside the City's duty to indemnify. *Ibid. see also Palmer*, 2023 WL 3455058, at *2 (observing that some courts have found that plaintiffs need not comply with the notice-of-claim requirement before bringing claims for false arrest, conversion, and assault and battery). Simply citing the statutory notice-of-claim provision does not demonstrate that plaintiff's state-law claims are subject to dismissal. Accordingly, defendants' motion to dismiss on this ground is denied.

Finally, because federal claims remain in this lawsuit, the Court is unable to decline supplemental jurisdiction over plaintiff's state-law claims on the ground that "it has dismissed all claims over which it ha[d] original jurisdiction."  Mot. to Dismiss 9 (citation omitted).

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in part and denied in part. Plaintiff's unlawful search, false arrest, and false imprisonment claims against Officers Nandpaul Persaud, Stephen Rice, Angel Arroyo, and Reinhold Moeslinger are dismissed without prejudice. Plaintiff's claims against Mayor Adams and Commissioner Caban are also dismissed without prejudice.  Defendants' motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim and plaintiff's state-law claims is denied.

SO ORDERED.

 /s/  Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: March 31, 2026
    Brooklyn, New York